## O'Brien's Estate

Before Gest. Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Harpur M. Tobin*, for exceptant; *Brown & Williams*, contra.

HENDERSON, J., March 31, 1933.—We agree with the auditing judge and for the reasons given by him. Little need be added thereto. The items in the account, now objected to, appeared without objection in the accounts adjudicated in 1905, 1911 and 1929. Meanwhile, the life tenant, exceptant, was receiving dividends as high as twenty and twenty-two per cent. The adjudication of 1929 was absolute on June 26th, and on July 24th of the same year two shares of Continental-Equitable stock sold at $46, and the exceptant is of opinion that the stock belonging to this estate should have then been sold. The market was thin and the sale of these stocks was the subject of consideration by the officials of the company.

It is argued that it was to the interest of the trust company and the other stockholders to delay the sale of its stock, and that they were in the position of trying to serve two masters. No evidence was offered in support of this allegation; and while large dividends were being declared the life tenant was silent.

It is awkward and sometimes unfortunate to have a trust company holding its own stock in trust estates, and being called upon to determine the propriety of its sale and to exercise the voting privilege. In such situations it would be well if the trustee kept in close contact with the real parties in interest.

The exceptions are dismissed and the adjudication is confirmed absolutely.